OPINION
Judy and Mark Howick (hereinafter "Howick") appeal pro se from the dismissal of their complaint against Odyssey Corporation or Odyssey Club Corporation, both dba The Toy Store. We affirm as to these two corporate entities.
On August 4, 2000, Howick — acting pro se — filed a small claim complaint in the Miamisburg Municipal Court, seeking $3,000, interest, and costs from "Tom Carnahan, an individual, dba THE TOY STORE." The complaint was based upon the defendant's alleged failure to properly repair Howick's automobile.
Trial was originally scheduled for September 26, 2000. Howick obtained a continuance for trial to October 24, 2000. On October 24, 2000, "Odyssey Corp.," by counsel, filed a counterclaim for $3,000, based on its alleged storage of Howick's automobile since August 19, 1999. The magistrate conferred that day with Howick and counsel for Odyssey Corp., and counsel represented to the magistrate that the proper party defendant was not Carnahan individually but, rather, Odyssey Corp., of which Carnahan was a shareholder and employee. Howick was not convinced that Odyssey Corp. should be substituted for Carnahan individually as defendant, and neither side was in a position to then establish that Odyssey Corp. was presently a corporation in good standing. In order to allow the parties time to clear up this issue of the proper party defendant, the magistrate offered to continue the matter, and Howick requested a continuance which was granted. In view of the continuance, the magistrate also allowed the counterclaim to stand, notwithstanding a local rule requiring counterclaims to be filed seven days prior to trial. Trial was rescheduled to December 6, 2000. On October 27, 2000, Howick moved to dismiss the counterclaim as untimely. On December 4, 2000, the trial court overruled the motion to dismiss the counterclaim and — based on information from the county auditor obtained by Howick's subpoena — substituted "Odyssey Inc., dba The Toy Store" for Carnahan as the party defendant. On December 6, 2000, Howick moved to continue the trial scheduled for that date which the magistrate refused to permit. On the same date, Howick filed a "motion to appeal" which, in part, assailed the substitution of Odyssey, Inc. for Carnahan. The court took no immediate action on this motion. After further discussion with the parties, the magistrate designated the party defendant as Odyssey Corporation or Odyssey Club Corporation. Howick declined to present any evidence in support of his complaint, and the magistrate dismissed both the complaint and counterclaim with prejudice. Thereafter, on December 11 and 22, 2000, and January 5 and 16, 2001, Howick filed variously styled documents which the trial court treated as objections, which it overruled January 18, 2000.
Howick advances four assignments of error on appeal.
 1. THE MUNICIPAL COURT ERRED IN OVERRULING PLAINTIFF'S OBJECTIONS TO MAGISTRATE'S DECISION AND IN DISMISSING PLAINTIFF'S COMPLAINT.
Howick contends that the trial court abused its discretion in refusing to continue the matter for trial from December 6, 2000, to a later date, after the trial court had substituted Odyssey Inc. for Carnahan as party defendant just two days earlier. We disagree. Whether the proper defendant was Carnahan individually or a corporation of which he was an employee and shareholder, the record suggests — and Howick does not assert to the contrary — that his evidence of wrongdoing in the repair of his automobile would have been the same. A corporation acts through its employees, and Howick's evidence against Carnahan would have been evidence against his corporate employer. Howick told the magistrate October 24, 2000, that he was ready to proceed on that date. Despite the change of defendant, the record does not suggest a change in the evidence supporting Howick's claim. We find no abuse of discretion in the denial of a continuance and overrule the first assignment.
 2. THE MUNICIPAL COURT ERRED IN FAILING TO TIMELY RULE ON PLAINTIFF'S OBJECTIONS DISMISSING DEFENDANT CARNAHAN FROM THE COMPLAINT AND IN SUBSTITUTING CORPORATE ENTITIES AS PARTY DEFENDANTS.
In this assignment, Howick contends he was prejudiced by the trial court's failure to immediately act upon his "motion to appeal" filed on the morning of December 6, 2000, the day upon which trial was scheduled. We fail to perceive how Howick was prejudiced by the trial court's inaction. First, the "motion to appeal" was a nullity. Even if the substitution of Odyssey, Inc. for Carnahan as party defendant could qualify as a presently appealable order — see R.C. 2505.02 — the "motion to appeal" bore no resemblance to the "notice of appeal" contemplated by App.R. 3(D). Second, if the "motion to appeal" were, indeed, a notice of appeal, the trial court would have had nothing to act upon as it would have been divested of jurisdiction. It is reasonably clear to us that the "motion to appeal" was directed to the trial court, and was filed in an attempt to obtain reconsideration of the substitution of Odyssey, Inc. for Carnahan (although the "motion to appeal" did not expressly say so). The problem with Howick's argument under this assignment is that it assumes that had the trial court ruled immediately, i.e., prior to trial, it would have ruled in his favor. This assumption is not supported by the record, however, as the magistrate and trial court remained steadfast until the termination of proceedings in the trial court to retain the corporate entity as party defendant.
The second assignment is overruled.
 3. THE MUNICIPAL COURT ERRED IN AFFIRMING THE MAGISTRATE'S OCTOBER 24, 2000 DECISION TO CONTINUE THE SUBJECT CASE IN LIGHT OF THE DEFENDANT'S COUNTERCLAIM.
Howick claims he was forced into a continuance on October 24, 2000, in order to allow the defendant to file a timely counterclaim. The transcript reveals that Howick requested a continuance (at the magistrate's invitation) because of the then uncertainty about the proper party defendant. The magistrate then stated the matter would be continued. Thereafter, Howick raised the issue of the untimely counterclaim. The magistrate informed Howick that the matter would be continued and that he could move to "quash or expunge" the counterclaim.
We do not find from this record that Howick was forced into a continuance. In that the matter was continued six weeks for trial, Howick was afforded far more time to prepare his defense to the counterclaim than that afforded by the seven-days-before-trial cutoff on counterclaims provided in the local rule. Finally, Howick suffered no prejudice because the counterclaim was ultimately dismissed with prejudice.
The third assignment is overruled.
 4. THE MUNICIPAL COURT ERRED IN GENERALLY ALLOWING APPELLANT'S DUE PROCESS RIGHTS TO BE VIOLATED DURING THE COURSE OF THE PROCEEDINGS BELOW.
The only contention Howard advanced under this assignment which has not been previously advanced and discussed is whether the trial court erred in substituting a corporate defendant for Carnahan and in doing so without a "judicial hearing." Howick has pointed to nothing in the record that definitively establishes that the trial court or the magistrate erred in substituting a corporate defendant for Carnahan. Nor has he indicated how the lack of a hearing on the substitution issue prejudiced him. Indeed, our examination of the many exhibits produced by Howick suggests that the corporation most likely involved is Odyssey Club Corporation, which was incorporated in 1988, and which the Secretary of State denotes as "active." The record does not suggest that Howick was prepared to pierce the corporate veil.
Suffice it to say that Howick's complaint has been dismissed with prejudice only as to Odyssey Corporation and Odyssey Club Corporation. Howick is adamant in his belief that Carnahan individually is the responsible party. If that be so, Howick may yet have recourse against Carnahan unless his claims are barred by applicable periods of limitation, a question about which we express no opinion. In any event, should Howick choose to continue to press his claims, we urge him to seek the assistance of competent legal counsel.
The fourth assignment is overruled.
The judgment will be affirmed.
 ____________ WOLFF, P. J.
BROGAN, J. and GRADY, J., concur.